IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| LYNDSY NOELL, | ) | |
| | ) | |
| | ) | 2:23-CV-01625-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ST. PAUL MERCURY INSURANCE COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, | ) | |
| Defendants, | | |

OPINION

Plaintiff, Lyndsy Noell, pro se, brings the within action against Defendants, St. Paul Mercury Insurance Company and John Hancock Life Insurance Company, purporting to petition for reinstatement of her annuity. (ECF No. 1). In her initial pleading, Ms. Noell attached a civil docket sheet from the Middle District of Florida (6:23-cv-1474) wherein she originally brought this action against the Defendants (Florida Action). (ECF No. 1-7). A review of the Florida Action from the Middle District of Florida's CM/ECF indicates that Ms. Noell has refiled the same action here. In said action, Judge Wendy W. Berger issued an Order to Show Cause why Ms. Noell's action should not be dismissed for lack of subject matter jurisdiction. (Florida Action at ECF No. 3). Mr. Noell responded that every pertinent event had occurred in Florida, that John Hancock was based in Massachusetts, that she resided in Pennsylvania, and that the jurisdictional amount exceeded $75,000. (Florida Action at ECF No. 7). She also asserted that St. Paul had been sold to a company called Brightside. *Id*. On August 29, 2023, Judge Berger

dismissed Ms. Noell's action for lack of subject jurisdiction because she did not address the citizenship of all parties. (Florida action at ECF No. 8).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, *sua sponte*, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties. If a case, as presented by the plaintiff, does not meet the requirements of subject-matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action. Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from" the defendant. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co.*, 836 F.3d at 267.

Ms. Noell attempts to assert subject-matter jurisdiction through diversity jurisdiction. Subject-matter jurisdiction through diversity is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States

28 U.S.C.A. § 1332(a)(1).

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits

relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.' " *In re Cont'l Airlines, Inc.*, 279 F.3d at 233 (quoting *Christianson*, 486 U.S. at 816)). As a result, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015). A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.' " *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

Here, Ms. Noell has alleged the citizenship of one defendant but not the other nor potentially its assignee as asserted in her show cause response in the Florida Action. Therefore, the Court cannot determine with the requisite certainty whether it has diversity jurisdiction. Further, Ms. Noell has filed identical pleadings in this case as the Florida action. Accordingly, consistent with Judge Berger's prior decision and the law of the case doctrine, this Court likewise concludes that it does not have subject matter jurisdiction over Ms. Noell's claims. Thus, the Court will, *sua sponte*, dismiss Ms. Noell's Complaint without prejudice. However, as the Court cannot determine on the face of the Complaint that any amendment would be futile, Ms. Noell will be granted leave to amend.

A separate order will, pursuant to Federal Rule of Civil Procedure Rule 58 will follow.

DATED this 26th day of September, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

CC:     LYNDSY NOELL
        93 BELMONT CIRCLE
        UNIONTOWN, PA 154014