IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LYNDSY NOELL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>)<br>) |
| ST. PAUL MERCURY INSURANCE COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, | ) |
| Defendants, | |

2:23-CV-01625-MJH

OPINION AND ORDER

Plaintiff, Lyndsy Noell, pro se, brings the within action against Defendants, St. Paul Mercury Insurance Company and John Hancock Life Insurance Company, purporting to petition for reinstatement of her annuity. (ECF No. 1).

The Court has issued two Orders to Show Cause regarding issues of service and failure to prosecute this case. (ECF Nos. 7 and 13). Ms. Noell has now filed a "Motion to Reinstate Payee" and a "Motion for Default Judgment." (ECF Nos. 14 and 15). After a careful review of the relevant docket entries, the Court will attempt to pragmatically address Ms. Noell's filings.

First, the crux of the problem for the Court and Ms. Noell is that neither of the named Defendants have appeared in the action to address the merits of Ms. Noell's claims. From a practical standpoint, if Ms. Noell's allegations are true, then she can likely only achieve relief through the Defendants' participation. A default judgment does not likely place her in any better position than when she first filed this suit.

With that said, the Court queries why two insurance companies would not have already appeared to defend themselves against Ms. Noell's claims. A failure to appear following service

might be expected for a individual defendant or a small company, but the Court would routinely expect large insurance companies to appear if they were properly seved.

This leads to the Court's examination of the service documents filed. (ECF Nos. 11 and 12). Under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 4(h), a corporation can be served: (1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B).

With respect to service on a corporation under Pennsylvania law, Pennsylvania Rule of Civil Procedure 424 provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. "The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation." *McLaughlin v. Boss Prod.*, No. CIV.A. 15-354, 2015 WL 5971137, at *1 (W.D. Pa. Oct. 14, 2015) (citing *Hemmerich Indus., Inc. v. Moss Brown & Co., Inc.*, 114 FRD 31, 32 (E.D. Pa. 1987)).

After examining Ms. Noell's service documents, the Court is not confident that she has met her burden that Defendants have been served in a manner prescribed by the above referenced Rules of Civil Procedure. First, the affidavits make no mention of a Complaint and/or a summons was delivered. Both affidavits reference "service of letter," which gives this Court pause in whether the process service actually delivered the relevant court documents necessary to effectuate service. Second, the affidavits give no indication that the individuals who "accepted" the documents were authorized to do so on behalf of their respective companies. Under these circumstances, the Court has doubts that service was effectuated, and under the rules, no answer would be yet due for the entry of a default. Finally, the Court's doubts are further buttressed by the Defendants lack of an appearance, which possibly evidences that the documents did not properly identify this lawsuit and/or did not reach the correct persons within the Defendants' organizations. Even with the Court's doubts, there may have been proper service, but the service record in front of the Court does not give the Court confidence that Ms. Noell and/or her process servers complied with the Rules of Civil Procedure for service upon corporations.

Given the landscape of what has occurred, the Court would encourage Ms. Noell to seek counsel to help navigate both the procedural and substantive nature of her case. In the meantime, this Court will entertain a further opportunity for Ms. Noell to show cause why this case should not be dismissed for failure to serve Defendants or otherwise prove that service has been properly effectuated under the rules. While many of Ms. Noell's filings have continued to argue the merits of her case, the Court would caution that those matters are irrelevant until the proper procedural steps have been met.

Accordingly, Ms. Noell is hereby ordered to Show Cause on or before March 13, 2025 why this case should not be dismissed for failure to serve Defendants or otherwise prove that

service has been properly effectuated under the rules.  Further, Mr. Noell's pending motions will be denied without prejudice.

        DATED this  13th day of February, 2025.

                BY THE COURT:

                MARILYN J. HORAN
                United States District Judge

CC:    LYNDSY NOELL
          93 BELMONT CIRCLE
          UNIONTOWN, PA 154014